Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000109
24-NOV-2017
10:49 AM

NO. CAAP-16-0000109

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant, v.
CALVIN K. KANOA, JR., Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC CR. NO. 15-1-0020)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Reifurth, JJ.)

Plaintiff-Appellant State of Hawai'i (State) appeals from the February 11, 2016 Findings of Fact, Conclusions of Law, and Order Granting Motion to Dismiss Count II for Violation of [Hawai'i Rules of Penal Procedure (HRPP)] Rule 5 and HRPP Rule 10 (Dismissal Order) entered by the Family Court of the First Circuit (Family Court).[1] The Family Court dismissed Count 2 of the Complaint which accused Defendant-Appellee Calvin K. Kanoa, Jr. (Kanoa) of the crime of Abuse of Family or Household Member (AFHM) in violation Hawaii Revised Statutes (HRS) § 709-906(1) and (5) (2014)[2] (Misdemeanor Count).

---

[1]     The Honorable Dexter D. Del Rosario presided.

[2]     At the time of the events charged in the Complaint, HRS § 709-906(1) and (5)  provided:

> **Abuse of family or household members; penalty.** (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member[.]
>
> . . . .

(continued...)

On appeal, the State contends that the Family Court erred by dismissing the Misdemeanor Count because no judicial determination of probable cause (JDPC) was made for this count.

After a careful review of the record on appeal and the relevant legal authorities, and giving due consideration to the issue raised and the arguments advanced by the parties, we resolve the State's point on appeal as follows, vacate the Dismissal Order and remand for further proceedings.

The State does not contest any of the findings of fact made by the Family Court in its Dismissal Order. Therefore, we are bound by those findings. Cabral v. State, 128 Hawai'i 128, 284 P.3d 221, No. 28669 2012 WL 3791744 at *2 (App. Aug. 31, 2012)(mem.) quoting Okada Trucking Co., Ltd. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002). As found, Kanoa was arrested, without warrant, for AFHM as a felony under HRS §709-906((1) and (9) (2014) and as a misdemeanor under HRS § 709-906 (1) and (5), on April 28, 2015.[3] On April 30, 2015, a JDPC was issued for the felony, based on the affidavit of a Honolulu Police Department police officer.[4] Kanoa was charged by complaint on May 5, 2015 for the felony charge in the Family Court and a preliminary hearing was held on June 3, 2015 during which evidence supporting only the felony charge was

---

[2](...continued)
        (5)   Abuse of a family or household member and refusal to comply with the lawful order of a police officer under subsection (4) are misdemeanors[.]

[3]     HRS § 709-906(1) and (9) provided at the time of these events, in relevant part:

       **Abuse of family or household members; penalty.** (1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member[.]

       . . . .

       (9) Where physical abuse occurs in the presence of any family or household member who is less than fourteen years of age, abuse of a family or household member is a class C felony.

[4]     We note that court documents indicate Kanoa was released from police custody on April 30, 2015. Kanoa asserts in his answering brief that he was released on bail before the forty-eight hours had expired.

presented.[5]  On June 4, 2015, the State filed a Complaint in the Family Court of the First Circuit, charging AFHM as a felony in Count 1 and the Misdemeanor Count in Count 2.[6]  The two counts alleged two different complaining witnesses although they alleged events occurring on the same date.  Kanoa was arraigned on this two-count complaint on June 15, 2015, in the Family Court.[7]  The State agrees that a JDPC was not obtained for the Misdemeanor Count.

The Family Court's Dismissal Order was based on HRPP Rules 5(a)(2)[8] and 10[9].  HRPP Rule 5(a)(2) requires that a JDPC be obtained no later than forty-eight hours after a warrantless

---

[5]     Although not specifically found by the Family Court, it was determined at the preliminary hearing, the Honorable Trish K. Morikawa presiding, that probable cause existed for the felony charge and the charge was committed to the Family Court.

[6]     The State later filed an Amended Complaint, substituting initials for the name of the minor-complaining witness in the Misdemeanor Count.

[7]     The Honorable Richard K. Perkins presided.

[8]     HRPP Rule 5(a)(2) provides:

> (2)     PROBABLE CAUSE DETERMINATION UPON ARREST WITHOUT A WARRANT. As soon as practicable, and, Rule 45 notwithstanding, not later than 48 hours after the warrantless arrest of a person held in custody, a district judge shall determine whether there was probable cause for the arrest. No judicial determination of probable cause shall be made unless there is before the judge, at the minimum, an affidavit or declaration of the arresting officer or other person making the arrest, setting forth the specific facts to find probable cause to believe that an offense has been committed and that the arrested person has committed it.  If probable cause is found as aforesaid, an appropriate order shall be filed with the court as soon as practicable.  If probable cause is not found, or a proceeding to determine probable cause is not held within the time period provided by this subsection, the arrested person shall be ordered released and discharged from custody.

(Emphasis added.)

[9]     HRPP Rule 10(a), Arraignment in circuit court, provides,

> [a] defendant who has been held by district court to answer in circuit court shall be arraigned in circuit court within 14 days after the district court's oral order of commitment following (i) arraignment and plea, where the defendant elected jury trial or did not waive the right to jury trial or (ii) initial appearance or preliminary hearing, whichever occurs last.

arrest. However, the rule does not require that probable cause be determined for every charge that is associated with that arrest. Here, probable cause for the arrest for AFHM as a felony was timely made. In addition, HRPP Rule 5(a)(2) provides the remedy for a violation: release and discharge from custody. Therefore, HRPP Rule 5(a)(2) does not support the dismissal of the Misdemeanor Count.[10]

Kanoa argues that the Family Court's dismissal should be affirmed on the alternative basis that it was supported by HRPP Rule 5(b).[11] However, this rule does not require that any offense "other than a felony" must be charged by complaint in the district court even when later joined with a felony.

---

[10]    Kanoa agrees that a JDPC was not required for the Misdemeanor Count.

[11]    HRPP Rule 5(b) provides, in relevant part:

> (b)  **Offenses Other Than Felony.**
>
> (1) ARRAIGNMENT. In the district court, if the offense charged against the defendant is other than a felony, the complaint shall be filed and proceedings shall be had in accordance with this section (b). A copy of the complaint, including any affidavits in support thereof, and a copy of the appropriate order, if any, shall be furnished to the defendant. If a defendant is issued a citation in lieu of physical arrest pursuant to Section 803-6(b) of the Hawaiʻi Revised Statutes and summoned to be orally charged as authorized by Rule 7(a) of these rules, a copy of the citation shall be filed and proceedings shall be had in accordance with this section (b). When the offense is charged by complaint, arraignment shall be in open court or by video conference when permitted by Rule 43. The arraignment shall consist of the reading of the complaint to the defendant and calling upon the defendant to plead thereto. When the offense is charged by a citation and the defendant is summoned to be orally charged, arraignment shall be in open court or by video conference when permitted by Rule 43. The arraignment shall consist of a recitation of the essential facts constituting the offense charged to the defendant and calling upon the defendant to plead thereto. The defendant may waive the reading of the complaint or the recitation of the essential facts constituting the offense charged at arraignment, provided that, in any case where a defendant is summoned to be orally charged by a citation as authorized by Rule 7(a), the recitation of the essential facts constituting the offense charged shall be made prior to commencement of trial or entry of a guilty or no contest plea. In addition to the requirements of Rule 10(e), the court shall, in appropriate cases, inform the defendant of the right to jury trial in the circuit court and that the defendant may elect to be tried without a jury in the district court.

As to the Family Court's HRPP Rule 10 basis, it is undisputed that Kanoa was arraigned in the Family Court division of the circuit court, which is governed by HRPP Rule 10(a). Although the Family Court cited to this rule in its Dismissal Order, it did not specify in which respect the rule was violated.[12] The Family Court's minutes reflect that at the arraignment and plea proceeding, with counsel present, Kanoa was given an advisement regarding immigration consequences; given discovery, received a copy of the charge, waived reading of the charge, and entered a not guilty plea. Therefore, HRPP Rule 10 does not support the Dismissal Order.

For the foregoing reasons, the February 11, 2016 Findings of Fact, Conclusions of Law, and Order Granting Motion to Dismiss Count II for Violation of HRPP Rule 5 and HRPP Rule 10 Dismissal Order entered by the Family Court of the First Circuit is vacated and this case is remanded for further proceedings.

DATED: Honolulu, Hawai'i, November 24, 2017.

On the briefs:

James M. Anderson,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellant.

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[12] Kanoa also argues that HRPP Rule 10 was violated but, beyond the blanket statement that "the State failed to comply with the requirements of that rule[,]" does not argue exactly which requirements were not met.